Good morning, Your Honors. John Ballas on behalf of Donald Peel, the defendant. I'm intending to reserve three minutes for rebuttal. Our first argument in the appeal is that the evidence was insufficient for any rational juror to conclude beyond a reasonable doubt that Mr. Peel transported LP from Oregon to California on or about March 18, 2014 with the dominant purpose of having sexual relations with her in violation of California law. The argument focuses on the third element that the Mr. Peel must have intended that the sexual activity be must have one of the dominant purposes of the transportation. The evidence at trial showed that Mr. Peel arrived in Nevada in February. They drove into Arizona, California, Oregon and Washington, stayed in Washington for two weeks, and then they started a second trip on the way back, stopped in Oregon for about a week, crossed into California around March 18th, and then were stopped and arrested on March 19th. The evidence is insufficient to show that the purpose of Mr. Peel while crossing in from Oregon to California was to have sexual relationships with LP, because by that point in Oregon LP had told Mr. Peel that she was done having sex, that she wanted to go home as quickly as possible. Mr. Peel agreed with that and she said that he stopped having sex with her right about the time she crossed into the border. You admit that the evidence shows that he transported her across state lines for sexual purposes, but you're just saying this event from Oregon to California didn't happen. Is that what you're saying? I'm saying that he did transport her from Oregon to California, but not with the intent, a dominant purpose, of having sexual relationships with her. But he did transport her? Even though... I'm sorry. Go ahead, Judge Seiler. I'm sorry. I was going to say, but he did transport her across state lines, just not between Oregon and California for that purpose. Not for that purpose, because there might have been enough evidence at an earlier time, but not on the way back. I wonder how you take account of his girlfriend's testimony that he had told her that he wanted to groom LP to become a prostitute, and why that intent doesn't continue to carry over. Well, two reasons. First, that the indictment was very specific of charging specific violations of California law, and it did not charge prostitution. The 2423A statute specifically says that a person could be convicted of transporting across state lines for prostitution, or for violation of any other criminal conduct, sexual conduct, that someone could be in violation of laws. The government specifically did not charge the transportation for prostitution part of the statute, and only relied on the second part. And then the second reason, I don't think the transportation for prostitution works, is really they were at the end of the trip, and there was no evidence of prostitution during any part of the trip. There was a little discussion, as the court noted, about talking about her. She could have become a prostitute. But counsel, why doesn't that also bear on his own intention whether to have sexual relations with her again in California, as he had done essentially every day on the rest of their trip? I don't think that the fact that he discussed with her the possibility of her prostituting goes to his intent to have sexual relationship with LP. Isn't that part of grooming someone for prostitution, to inure them to sex with the groomer? They had been on a trip for three weeks. There were no acts of prostitution. She testified nothing about prostitution. There's a little bit about in Las Vegas where there was some possibility that she could have done it later. But that's not charged here. It's not in the indictment. It would be a constructive amendment of the indictment. That's the second argument we have. And I think on that argument, it's the same thing. The government specifically asked the jury in closing argument that they could convict also on the transportation for prostitution. But that was not charged in the indictment. And it was not really the focus of the case. But counsel, that's the reason I asked the question I did. Because grooming someone for prostitution includes or can include having sex with them personally. And it seems to me that in that way, that evidence supports the charged intention to have sex with her in California as part of the activity of grooming her. Even if the prostitution never took place. And I think that argument potentially would have some bearing in the initial portions of the trip. But at the end of the trip, when she says she doesn't want to have sex with him anymore, he agrees. They say they're going to go back to Nevada as quickly as possible. And that he had stopped having sex with her. At that point, the question is when they cross the state lines, did he have the intent to have sex with her in California? And the evidence is wholly insufficient. It would be purely speculative at that point to say that his intention was to have sex with her in California. We just kind of discussed the second argument on the constructive amendment. On the third argument, that the knowingly element, knowingly should apply not only to the transportation element, but should also apply to Mr. Peel knowing the age of the individual he was transporting. Well, even if you're right about that, didn't LP's sister and your client's girlfriend both tell him that she was only 16? I mean, if you're right about that, which I have some question about based on Brooks, why wouldn't that be harmless error in the circumstances here? So there was some evidence, but it wasn't instructed on the jury. There was also contrary evidence. LP, when she was arrested, she told the officer first that she was 18. Mr. Peel also told the officer that he thought that she was 18. And the question should be to give it to the jury and let the jury decide. If that was an element of the offense, it would be, by failing to instruct on that element, would be under the higher constitutional harmless error standard. And the government, I think, properly here did not argue harmless error because the element was never even given to the jury. And what's your best case to show that that's a requirement under this statute? Well, I think my best case is the Flores-Figueroa case, which is the Supreme Court case that endealed an identity theft statute. But it has broad language that it talks about as a matter of ordinary English, and given the preference to have a mens rea element in the statute, that the knowing the mens rea should apply to each element in the statute. This Court ruled otherwise in Taylor before Flores-Figueroa, but the ruling in that case, which we're not quarreling with here, is much more limited because that was a transportation for prostitution case. And in the transportation for prostitution case, the Court said that because prostitution is illegal generally, regardless of the age of the individual being transported, knowingly does not apply to the transportation for the purpose of prostitution. But here, the majority of States in the United States have the age of consent at 16. That's State law. Right. You're not talking about the statute, which is a Federal statute. Correct. Right. The majority of State statutes hold it at 16, but in this case where the statute and the indictment incorporates California law. And the argument is that because it could potentially not put people on notice that their conduct is illegal, that the knowing should also apply to the age of the person being transported. I'm sorry. How do you? I don't understand your argument here. You asked for an instruction that he could not be convicted if he reasonably believed the minor was at least 18 years old, and that's a defense under California law? Yes. So there's kind of two aspects to the argument I'm making. One is under the knowing requirement of the statute, and Flores-Figueroa, that knowingly should apply to the age of the person transported. And then you didn't ask for an instruction that he had to know that she was 16, and that isn't the law. Federal law doesn't support that. So, yeah, I wasn't the defense attorney, but the trial attorney, the issue first came up when the prosecutor brought it up in a motion in Lemonet of what the age, arguing that you should exclude any evidence of a mistake of age defense or exclude it. The defense then at that time objected and made the same argument I'm making here, that the knowingly requirement should apply to the age of the defendant because the Taylor case only applies for transportation for prostitution. The Court is correct, though, that then he asked for a specific instruction that under California law it's an affirmative defense that the reasonable mistake of age that thought the person was over 18 is a defense to the charge. How do you square your position with U.S. v. Brooks, which seems to hold that under 2423A knowledge of the victim's age is not an element and that only the elements have to be instructed? I don't remember Brooks in particular. I could look at that and apply in my rebuttal in my remaining time. I know Taylor says that essentially. I'd have to go back and check for Brooks. Right. I'm not understanding the theory of why he would be entitled to an instruction with respect to State law. Well, the statute and the indictment incorporate State law. The jury is instructed that State law applies, that they have to know that the person transported someone into the State of California for the purpose of having sexual relations with her in violation of California law. And as well as the intent element applies there, it also should be a defense that you had a reasonable belief that the individual was over 18. Thank you. Thank you. I'm going to reserve my remaining time for rebuttal. Your Honors, may it please the Court, Michael Beckwith on behalf of the United States Department of Justice. I'd like to start with an issue raised by Judge Graber and also by Judge Seiler. There is no existing case law that would support a knowledge element in this case. Taylor is still good law after Flores-Figueroa in light of Barnes. Brooks is also another case that says there is no requirement for knowledge in this type of crime. This is a transportation crime. And so the knowledge element only applies to the first element of transportation. If the Court has other questions, I'll engage those. But if not, I'll move on to the next issue. With regard to the sufficiency of the evidence, I'd like to point out to what extent is State law incorporated into this Federal statute? It is not, Your Honor. The State elements or, excuse me, the State crimes that were put in there were simply put in there for Rule 7 notice. So the defendant has full notice of the sex acts, the specific sex acts that we were alleging that he crossed State lines with the intent to have LP engaged. The act has to be in violation of State law? He has to. The defendant under this statute has to cross State lines with a particular intent, and that is to engage in some illicit sexual act, sexual conduct. And so to further explain for the defendant to measure whether or not it's illicit by reference to State law? Yes, Your Honor, only for the standpoint of notice. And never has this Court under Davenport particularly, never has this Court conflated an element of the crime with a defense. And this is here. This, in this case, is a defense. So he still could be charged with those State violations. I do want to address a point that Judge Graber raised with regard to the sufficiency of the evidence. Your Honor, with regard to some of the evidence that was brought in with regard to grooming, that certainly can be evidence of his intent, because sex with the defendant, isolation from her family, isolation from her area, the area that she grew up in, creating dependence on him is part of the grooming process. And so that does speak to his interest, his sexual interest in her. And with regard to grooming, it can be sex with the defendant or sex with others. And, of course, in this case, the defendant is charged with crossing State lines with the intent that LP would engage in sex that someone else could be charged in, so the defendant or some other person, those sex acts. Next, I'd like to turn to the issue of constructive amendment. The defense claims that the government effectively constructively amended the indictment by arguing a different date. That simply misrepresents the closing argument. We've laid this out in our response or in our answering brief. The jury instructions in this case focused on the March 18th crossing again and again during summation and also in rebuttal argument. The government focused on the March 18th crossing. And, frankly, that is where our best evidence was, because by March 18th, we have 26 days or 28 days of repeated sex acts, sometimes two or three times a day. By that time, the evidence that he had pills in the car to help his sexual performance, that he had used sex toys on her, that he had kept her high throughout the course of the trip to reduce her inhibitions, all of that evidence comes in, and it's part of the larger picture that we have when he crossed the state lines in March. Our strongest case, our strongest argument is the March crossing, and that is what we argued. That is what we charged. That is what we argued. And so, therefore, there is no constructive amendment in this case. Next, I'd like to turn to the obstruction enhancement, in case the court has any questions on this issue. Here, the judge at SCR, I believe it's SCR 84 and 94, said that he considered the entire trial record in this case when overruling the defense objection. The government at sentencing merely needed to provide a preponderance or prove by a preponderance of the evidence that he did engage in obstreperous behavior. And here, the court had a chance to consider the compelling testimony of Nicole Gorski, who said the reason he made all these proposals to me was because he wanted to keep me off the stand. Yes. Are there any questions with respect to the obstruction? No. All right. Your Honor, there were also two issues that there was also the issue of this kind of tangential issue of ineffective assistance to counsel that was raised. I'd simply like to point out that the proper venue for that, if that is an issue, would be under 2255. We would need a fuller record to address any allegation that the ---- I don't believe the Court has any questions with respect to that, either. Okay. Are there any further questions with respect to the case? No. If there are none, then I'll yield my remaining time. Thank you. Thank you very much. You have about a minute and a half. I just want to respond to Judge Graber's question about United States v. Brooks. United States v. Brooks and United States v. Taylor are both distinguishable here because their transportation for prostitution cases. And second, they both predate Flores-Figueroa, which has more expansive language about the mens rea. I'm not sure that's correct, counsel. Flores-Figueroa was decided in May of 2009, and Brooks was decided in 2010. Oh, you are right. I am sorry. That is your mistake. So my first point still holds true with Brooks, that it only applied to transportation for prostitution, not transportation with the charges here. And I think that in Taylor, it specifically relies on the fact that transportation for prostitution is illegal generally, regardless of the age of the victim, and that's a distinguishing characteristic. Thank you. Thank you. The case just argued is submitted for decision. We'll hear the last case on the calendar, which is United States v. Arthur.
judges: Siler, Schroeder, Graber